FRUGÉ, Judge
The plaintiff, a citizen, qualified voter, and a taxpayer of Ward 3, Calcasieu Parish, Louisiana, who has a child in a school in such Ward operated by the Calcasieu Parish School Board, brought this suit for a declaratory judgment to determine the number of members of such School Board that should be elected from Ward 3. Plaintiff contends that Ward 3 of Calcasieu Parish is entitled to six members on the Calcasieu Parish School Board, whereas it is represented by only one member thereon. Made defendant herein was the Calcasieu Parish School Board, who contends that that portion of Ward 3 of Calcasieu Parish which lies outside the territory controlled by the Lake Charles City School Board is entitled to one representative on the Parish School Broad.
Made defendant herein also is Wade O. Martin, the Secretary of State. The Trial Judge rendered judgment in favor of plaintiff, William A. Gamble, and from that judgment the Calcasieu Parish School Board perfected this appeal to this Court.
The determination of this question involves an interpretation of LSA-R.S. 17:52, which reads as follows:
“The membership of each parish school board shall be as follows:
“There shall be elected by the qualified voters of each police jury ward of the several parishes of the state a member of the school board of such parish for each police juror in said ward, whose term of office shall be for a period of six years.
“When the parish school board has no jurisdiction over or control of the public schools of a city in such parish, and when the limits of a ward of such parish extend beyond the limits of such city, only that part of the ward outside the limits of the city shall be represented on the parish school board, and shall have only one member of said board, who shall be an elector of the ward living outside the limits of the city, and shall be elected by the voters of the ward living and voting outside the limits of the said city.
“The election of parish school board members shall be at the congressional elections. School board members in office as of July 28th, 1948, shall serve out the terms for which they were elected; their successors and all other school board members elected in the future shall be elected for terms of six years. The parish school boards of the several parishes, as occasion may arise on account of the increase in the membership by the creation of additional wards or the increase of membership for any single ward, shall by proper resolution maintain the three divisions of the membership of the school boards existing on July 28th, 1948, as nearly equal as possible by allotting such new members to one of the three divisions, and when so allotted the term of office of such new member or members shall expire at the same time that the terms of the other members of the said division expire.
“To be a member of a parish school board one shall, in addition to the qualifications otherwise prescribed by law, be able to read and write.”
The City of Lake Charles is situated within the geographical limits of Ward 3.
By Act No. 90 of 1906 the Legislature created a separate school system for Lake Charles to be operated by a City School Board composed of five members, having all the powers of Parish School Boards within the corporate limits. Accordingly, that part of Ward 3 outside the limits of the city, for many years, has been represented on the Parish School Board by one member in accordance with the third paragraph of the above quoted statute.
*41 By Act No. 39 of 1946 the Legislature limited the jurisdiction of the City School Board to the territory within the corporate limits of the city existing on January 1, 1946 and provided that its jurisdiction should not be affected by any later extension or enlargement of the City Limits. A constitutional amendment of like import concerning assessment of property was adopted by the people in the same year.
As a result of subsequent extension of the city limits of Lake Charles, to include areas in which the Calcasieu Parish School Board has established and was operating schools, there are now 11 public schools within the city limits of Lake Charles which are maintained and operated by the Parish School Board. However, the Parish School Board does not operate any school within the geographical limits of Lake Charles that existed on January 1, 1946. All schools therein are still maintained and operated by the City School Board. On the other hand, all of the schools within the area taken in by extension of the city limits subsequent to January 1, 1946 are within the exclusive control and jurisdiction of the Parish School Board. The plaintiff urges that the number of school board members to which Ward 3 is entitled under the law should be determined by the second paragraph of LSA-R.S. 17:52, in which case there would be six members of the Cal-casieu Parish School Board elected from Ward 3. The Calcasieu Parish School Board urges that the third paragraph of the statute in question is applicable to the situation, and that portion of Ward 3 outside the city school system of Lake Charles should be represented on the school board by only one member of the said school board.
The Calcasieu Parish School Board’s position reflects the practice that has been followed in Calcasieu Parish for many years. Unquestionably, the third paragraph of the statute governed the situation prior to 1946 when all of the public schools within the city limits of Lake Charles were within the exclusive jurisdiction and control of the city school board. Now, how-ever, the Calcasieu Parish School Board has jurisdiction and control of public schools within a certain geographical area in such city and for this reason the plaintiff contends that the third paragraph of LSA-R.S. 17:52 is inapplicable and that the situation must necessarily be governed by the second paragraph of this section of the statute.
The question presented to this Court is of great concern to this Court and we feel of great concern to the residents of that portion of Ward 3 outside the city limits of Lake Charles as the city limits existed in 1946 and the Calcasieu Parish School Board. We feel that regardless of the decision of this Court that inequities will prevail. A judgment in favor of plaintiff will mean that that portion of Ward 3 of Calcasieu Parish outside of the corporate limits of the city of Lake Charles as of January 1, 1946 will be entitled to six school board members as there are six police jurors representing Ward 3, as Act No. 236 of 1914, amended Act No. 90 of 1906, and provided that electors residing in the City of Lake Charles would be ineligible to serve as members of the Parish School Board and to vote for members of the parish school board. This would in effect allocate membership on a population basis on the entire ward which would exclude members from a large portion of the ward. On the other hand, judgment in favor of the defendant would mean that residents of Ward 3, living outside of the corporate limits of the city of Lake Charles as it existed in January of 1946 are entitled to only one member on the Calcasieu Parish School Board and this Court is cognizant of the fact that the corporate limits of the city of Lake Charles have been extended since 1946 and the surrounding areas of Lake Charles in Ward 3 have grown in population immensely in the last years. However, this Court may only interpret the laws as passed by the legislature. If any inequities result as a result of the laws and our interpretation thereof they *42 must be resolved by the Louisiana Legislature.
The wording of paragraph three is clear and unambiguous. It provides that:
“When the parish school board has no jurisdiction over or control of the public schools of a city in such parish, and when the limits of a ward of such parish extend beyond the limits of such city, only that part of the ward outside the limits of the city shall be represented on the parish school board, and shall have only one member of said board, who shall be an elector of the ward living outside the limits of the city, and shall be elected by the voters of the ward living and voting outside the limits of the said city.”
This is not the case in Lake Charles. As a result of the annexation of geographical area in the city of Lake Charles subsequent to 1946 the parish school board has jurisdiction and exclusive control of 11 schools within the city limits of Lake Charles.
The Supreme Court of Louisiana, in the case of Avant v. Ouachita Parish School Board, 215 La. 990, 41 So.2d 854 (1949), held that:
“Section 17 of Act No. 100 of 1922 was intended to apply, we think, where a city owns, maintains and operates exclusively all of the public schools within its limits and where the parish school board’s activities are restricted to the schools of the parish located outside or beyond those limits. In that situation the parish school board would have no jurisdiction over or control of the public schools of (in) the city in such parish.
“Since the Ouachita Parish School Board has jurisdiction over and control of many of the public schools of (in) the City of Monroe, the disputed language of Section 17 is not applicable here. * * * ” (Italics by Court).
The Court further stated:
“It would seem manifestly unreasonable and unfair if the Legislature, by the language of Section 17, intended to deny to the people of a city representation on the parish school board where such board, as in the instant case, owns, maintains and operates numerous public schools within the limits of that city. Clearly, people so situated should be represented in the formulating and directing of policy, if for no other reason, with respect to the education of their children.”
Counsel for defendant argues that there is a great difference between the Monroe and Lake Charles School Systems in that the Monroe City school system and the parish school board in Ouachita have non-exclusive and 100% overlapping jurisdiction in the same area. He points out that in Monroe children may go to either the city schools or to the parish schools as they choose, while in Lake Charles the children living within the jurisdiction or limits of the city school system must go to the Lake Charles city schools while children living in the jurisdiction of the parish schools must go to the parish schools. He points out that in Lake Charles the city school system is a separate school district within a certain fixed area and the parish school system is a separate school district within another fixed area. While the two school systems differ the Calcasieu Parish School Board has jurisdiction over and control of 11 public schools in the city of Lake Charles and, accordingly, under the express terms of paragraph 3 of LSA-R.S. 17:52 is not covered by said paragraph.
Counsel for defendant further urges that the legislature enacting the third paragraph of LSA-R.S. 17:52 meant “city school system” rather than “city”. The terms of the statute are clear and unambiguous. The courts are not at liberty to insert words into a legislative expression unless the terms of the statutes are *43 ambiguous. This court recognizes the complexity of the legislative process but certainly cannot write words into a statute which is clear in its language. The Legislature, in 1946 when it passed Act No. 39 of 1946, limiting the jurisdiction of the city school board to the territory within the corporate limits as then existing could have inserted the words “city school system” or could have inserted the words “of a city as of January, 1946”. However, this was not done. Furthermore, in interpreting said statute, the Supreme Court of Louisiana, in the case of Avant v. Ouachita Parish School Board stated definitely that the statute pertained to the “municipal limits” of a city.
In addition to decreeing that Ward Three of Calcasieu Parish is entitled to have a member of the Calcasieu Parish School Board for each juror in said ward, the trial court decree also decreed that they should be elected at the next congressional election by the qualified voters of Ward Three residing outside the corporate limits of the City of Lake Charles that existed January 1, 1946. Such decree was beyond the relief requested by the prayer of the petition; and accordingly, the District Court judgment is amended so as to delete the provision relating to when and by whom the additional school board members are to be elected. As thus amended the judgment is affirmed.
Amended and affirmed.
HOOD, J., dissents and will assign written reasons.
SAVOY, J., recused.